**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 2, 2012
Decided March 13, 2012

**Before**

WILLIAM J. BAUER, *Circuit Judge*

RICHARD A. POSNER, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 09-2607

|  |  |
|---|---|
| MICHAEL FREDERICK, | Petition for Review of |
| *Petitioner*, | an Order of the |
|  | Board of Immigration Appeals. |
| *v.* |  |
|  | No. A012-464-579. |
| ERIC H. HOLDER, JR., |  |
| Attorney General of the United States, |  |
| *Respondent*. |  |

**O R D E R**

On January 9, 2012, the Supreme Court granted certiorari, vacated our judgment, and remanded this case for further consideration in light of *Judulang v. Holder*, 132 S. Ct. 476 (2012). In *Judulang* the Court addressed the so-called "comparable-grounds rule" developed by the Board of Immigration Appeals ("BIA") for determining an alien's eligibility for discretionary immigration relief under former § 212(c) of the Immigration and Nationality Act. The Court repudiated the comparable-grounds rule as arbitrary and capricious under the Administrative Procedure Act, 5 U.S.C. § 706(2)(A). *Judulang*, 132 S. Ct. at 484.

In Michael Frederick's case, the BIA applied the comparable-grounds rule and held that Frederick was not eligible to apply for a § 212(c) waiver. That justification is invalid

under *Judulang*.  After receiving the Supreme Court's remand order, we directed the parties to file their statements of position under Circuit Rule 54.  We have reviewed those statements and conclude that no further briefing is necessary.

Frederick urges us to hold as a matter of law that he is eligible to apply for a § 212(c) waiver and return the case to the BIA for a decision on the merits.  Frederick misunderstands the import of *Judulang*.  The Court repudiated the BIA's comparable-grounds rule because it made eligibility for discretionary relief dependent on matters "irrelevant to the alien's fitness to reside in this country."  *Id.*  The Court did *not* decide whether an alien's eligibility for a discretionary waiver might be rationally limited in some other way.  *Id.* at 485 ("The BIA may well have legitimate reasons for limiting § 212(c)'s scope in deportation cases.  But still, it must do so in some rational way.").  With the comparable-grounds rule now out of the picture, the question of Frederick's eligibility for a § 212(c) waiver and whether his case warrants a favorable exercise of the agency's discretion are matters for the BIA to decide in the first instance.

The petition for review is GRANTED, the decision of the BIA is VACATED, and the case is REMANDED to the BIA for further proceedings consistent with *Judulang v. Holder*, 132 S. Ct. 476.